sel's failure to negotiate a more favorable plea agreement," and "[c]ounsel's failure to object to trial court errors in advising [him] of the penalties." Docketing Statement at 4. We assume for the sake of argument that these ineffective assistance claims relate—as they must—to counsel's negotiation of the appeal waiver. *See Hahn,* 359 F.3d at 1327. Novosel concedes that ineffective assistance of counsel claims must ordinarily be raised in a collateral 28 U.S.C. § 2255 proceeding. *See United States v. Delacruz–Soto,* 414 F.3d 1158, 1168 (10th Cir.2005); *United States v. Porter,* 405 F.3d 1136, 1144 (10th Cir.) ("This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel."), *cert. denied,* — U.S. ——, 126 S.Ct. 550, 163 L.Ed.2d 466 (2005). Indeed, his plea agreement preserves his right to bring a § 2255 motion asserting a claim that counsel was ineffective in connection with the negotiation of the appeal waiver. He contends, however, that some of counsel's errors are plain from the record. We disagree; any ineffective assistance claim would have to rely on extra-record exchanges between counsel and client that are beyond our purview.

■ Finally, Novosel seeks to assert an appellate claim that the district court failed to ensure there was a factual basis for his guilty plea to the § 924(c) firearms charge. Though the appeal waiver states that he waives the right to appeal "any matter in connection with [the] prosecution, conviction and sentence," Novosel argues this broad waiver language is limited by the provision's subsequent description of those aspects of his sentence that he could and could not appeal under the waiver. We find no ambiguity, however. The provision's more detailed description of the

contours of his waiver with regard to sentencing issues in no way limits its broad waiver of his right to appeal any matter in connection with his prosecution and conviction, which would include his claim that the district court failed to ensure there was a sufficient factual basis for his guilty plea.

Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement and DISMISS the appeal. The mandate shall issue forthwith.

**Steven I. WEISSMAN, as Custodian under the Florida Uniform Transfers to Minors Act, as Trustee and individually, Plaintiff–Appellee,**

v.

**NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., a Delaware not for profit corporation, Nasdaq Stock Market, Inc., a Delaware corporation organized for profit, Defendants–Appellants.**

No. 04–13575.

United States Court of Appeals, Eleventh Circuit.

Feb. 16, 2007.

Douglas R. Cox, Michael James Edney, Gibson, Dunn & Crutcher, LLP, Washing-

ton, DC, David Scott Mandel, Mandel & Mandel, LLP, Miami, FL, for Defendants–Appellants.

Steven I. Weissman, Hollywood, FL, pro se, and David Allen Freedman, Burlington, Weil, Schwiep, Kaplan, Miami, FL, for Plaintiff–Appellee.

Before EDMONDSON, Chief Judge, and TJOFLAT, ANDERSON, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS, WILSON and PRYOR, Circuit Judges.

BY THE COURT:

A member of this Court in active service having requested a poll on the suggestion of rehearing en banc and a majority of the judges in this Court in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the above cause shall be reheard by this court en banc. The previous panel's opinion is hereby VACATED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dominique LEWIS, Defendant–Appellant.**

No. 06–11876.

United States Court of Appeals, Eleventh Circuit.

March 15, 2007.

Bernardo Lopez, Fed. Pub. Def., Ft. Lauderdale, FL, Kathleen M. Williams, Miguel Caridad, Fed. Pub. Defenders, Miami, FL, for Lewis.

Phillip DiRosa, Ft. Lauderdale, FL, Anne R. Schultz, Asst. U.S. Atty., Miami, FL, for U.S.

Before EDMONDSON, Chief Judge, and TJOFLAT, ANDERSON, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS, WILSON and PRYOR, Circuit Judges.

BY THE COURT:

A member of this Court in active service having requested a poll on the suggestion of rehearing en banc and a majority of the judges in this Court in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the above cause shall be reheard by this court en banc.